# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| NICHOLAS BRIAN SHUCK, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CV416-211 |
| ) | CR411-007 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **REPORT AND RECOMMENDATION**

Guilty-plea convicted for bank robbery in violation of 18 U.S.C. § 2113(a), docs. 54 (plea agreement), 53 (judgment),[1] Nicholas Shuck moves under 28 U.S.C. § 2255 to have his sentenced vacated. Doc. 72. He seeks to exploit the new rule announced in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), and made retroactive by *Welch v. United States*, 578 U.S. __, 136 S. Ct. 1257 (2016), to neutralize his 168-month enhanced[2] sentence. He also contends his counsel was ineffective for failing to argue on appeal that the Court erred by not recommending

---

[1] The Court is citing to the criminal docket in CR411-007 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

[2] The enhancement was based upon Shuck's prior convictions for aggravated assault and bank robbery by force or violence. PSR at ¶¶ 29, 30-33. He was categorized as a career offender and assigned a criminal history category of VI pursuant to U.S.S.G. § 4B1.1. *Id.* at ¶ 39.

substance abuse treatment as part of his sentence. Doc. 72. The Government opposes. Doc. 75. Review of the parties' briefing shows that Shuck's motion must be denied.

**A.     BACKGROUND**

Movant was charged with and pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). Docs. 1 & 53. As part of his plea agreement, Shuck agreed to the accuracy of the allegations against him. Doc. 54 at 5. At his plea hearing, he admitted to having committed (and been convicted of) four prior bank robberies in Connecticut, North Carolina, Georgia, and Arkansas. Doc. 63 at 17-18 (noting that after his release from his incarceration for those robberies, it was only "eight months before [he] relapsed" and committed the instant bank robbery); *see United States v. Shuck*, W.D. Ark. No. CR405-40014 (consolidating W.D. Arkansas cases Nos. CR405-40008, CR404-40035, CR404-40023, and CR405-40014) at docs. 6 (plea agreement) & 10 (judgment imposing 70 months' imprisonment on four counts of bank robbery by force or violence in violation of 18 U.S.C. § 2113(a) and one count of consipiray to commit bank robbery in violation of 18 U.S.C. § 371, counted as a single sentence).

The Court asked if he fully understood the ramifications of a guilty plea, and Shuck testified he did. *Id.* at 25-28. He said that he had read the plea agreement, that his attorney had explained it to him, and that it was consistent with what he and the Government had agreed upon. *Id.* at 29-30; *id.* at 31 (no one pressured him to enter a guilty plea or made him any promises not included in the agreement). He also testified that there was "absolutely not" a thing more his counsel should have done in representing him, and that she was a "very competent and capable attorney." *Id.* at 24. Given all that, Shuck unambiguously stated that he wished to plead guilty, because he was "in fact guilty." *Id.* at 32.

He did not object to the facts set forth in the PSR, but movant's counsel did argue that because his four prior robberies had been accomplished by "intimidation" rather than by "force or violence" (all involved handing threatening notes over to cashiers, demanding money, rather than by brandishing any weapon), they were not truly "crimes of violence" warranting career offender enhancement under the Sentencing Guidelines. Doc. 62 at 6, 9-10, 30-34. The Government responded that a "crime of violence" involves the attempted use or threatened use of physical force, and Shuck's note to the teller ("don't panic, empty both

drawers now, this is not a joke, you have 30 seconds before I start shooting") clearly met that definition. *Id.* at 10-14 (arguing robbery by intimidation was an "enumerated offense" under the Guidelines).

Based on his four prior bank robberies, the PSR, testimony (both in support of the facts and in mitigation), and the briefs from counsel and the Government, the Court sentenced Shuck to 168 months' imprisonment. *Id.* at 41-44. His judgment was affirmed on appeal. *United States v. Shuck*, 481 F. App'x 600 (11th Cir. 2012) (rejecting Shuck's argument that § 2113(a) bank robbery did not qualify as a crime of violence for career offender enhancement under the Sentencing Guidelines).

**B. ANALYSIS**

Shuck presents several grounds for relief: (1) *Johnson* renders his sentence unconstitutional (2) this Court erred in failing to consider mitigating evidence, or recommend his placement in a substance abuse program; and (3) ineffective assistance of counsel for failing to raise those errors on appeal. Doc. 72.

### 1. Career-Offender Predicate Offenses

Movant contends that his prior state convictions for aggravated

4

assault and bank robbery no longer qualify as ACCA predicates for an enhanced sentence after *Johnson*. Doc. 72 at 5. He was *not*, however, sentenced as a career offender under the ACCA -- his sentence was calculated pursuant to the Guidelines. *See* PSR; docs. 50-51, 53, 54, 62, 63. As the Government notes, this Circuit has held that *Johnson* does not apply in the context of the advisory Sentencing Guidelines. Doc. 75 at 2 (citing *United States v. Matchett*, 802 F.3d 1185, 1193-94 (11th Cir. 2015)).[3] Every other circuit, however, has held that it does.[4] *See In re*

---

[3] As discussed by the Eleventh Circuit, as a matter of first impression:

> By its terms, the decision of the Supreme Court in *Johnson* is limited to criminal statutes that define elements of a crime or fix punishments. The Supreme Court held that the residual clause of the Armed Career Criminal Act "violate[d] the Constitution's guarantee of due process," 135 S.Ct. at 2563, because it violated "[t]he prohibition of vagueness in criminal statutes," *id.* at 2556–57. It further explained that the vagueness doctrine "appl[ies] not only to statutes defining elements of crimes, but also to statutes fixing sentences." *Id.* at 2557. The Armed Career Criminal Act defines a crime and fixes a sentence, *see* 18 U.S.C. § 924(e), but the advisory guidelines do neither.
>
> The Sentencing Guidelines are merely "the starting point and the initial benchmark," *Gall v. United States*, 552 U.S. 38, 49 (2007), designed to "assist . . . the sentencing judge" in determining a sentence, *United States v. Tichenor*, 683 F.3d 358, 364 (7th Cir. 2012) (quoting *United States v. Brierton*, 165 F.3d 1133, 1139 (7th Cir. 1999)). In the end, a sentencing judge "must make an individualized assessment based on the facts presented" and "may not presume that the Guidelines range is reasonable." *Gall*, 552 U.S. at 50. "The sentencing judge's authority to exercise discretion distinguishes the Guidelines from criminal statutes in a significant and undeniable manner." *Tichenor*, 683 F.3d at 365.

*Matchett*, 802 F.3d at 1194; *United States v. Johnson*, 2016 WL 6775916 at *1 (11th Cir. Nov. 16, 2016).

*Clayton*, 829 F.3d 1254, 1256 (11th Cir. 2016) (concurrence) (following *Matchett* but cautioning that that every other court of appeals "has either held or assumed that *Johnson* makes the language in § 4B1.2(a)(2) of the Sentencing Guidelines unconstitutional.") (citing *Beckles v. United*

---

[4] Notably, the Sentencing Commission agrees. As recently summarized by the Eleventh Circuit:

> In response to litigation surrounding *Johnson*, the Sentencing Commission amended the Guidelines -- specifically, the career offender enhancement definition of "crime of violence" -- in August 2016. In so doing, it eliminated the residual clause and removed burglary from the list of enumerated offenses that satisfy the definition. U.S.S.G. Supp. to App. C, amend. 798 (Aug. 1, 2016). The current definition of "crime of violence" includes any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).
>
> *Id.* The Sentencing Commission indicated that the amendment eliminating the residual clause from the career offender guideline arose because of numerous court opinions expressing a view that the definition of "crime of violence" is unclear. *Id.*

*Johnson*, 2016 WL 6775916 at *1.

However, Amendment 798 is not helpful to Shuck because courts apply the version of the Guidelines in effect on the date of sentencing. *Id.* at *4 (citing *United States v. Descent*, 292 F.3d 703, 707 (11th Cir. 2002)). "While subsequent amendments that merely clarify the Guidelines should be considered on appeal regardless of the date of sentencing, *United States v. Dedeker*, 961 F.2d 164, 166 n.4 (11th Cir. 1992), Amendment 798 to the career offender enhancement is a *substantive* change to the Guideline. . . . As a substantive change to the Guidelines, Amendment 798 does not apply retroactively to his sentence." *Id.* The Court will therefore evaluate Shuck's prior convictions under the previous version in force at the time of his sentencing (*i.e.*, November 2011).

6

*States*, \_\_ U.S. \_\_, 136 S.Ct. 2510 (2016) (granting *certiorari* as to whether *Johnson* applies to the Sentencing Guidelines' definition of "crime of violence" and, if so, whether the *Beckles* decision will apply retroactively to cases on collateral review)); *Johnson*, 2016 WL 6775916 at \*3.

Even if *Johnson* is deemed to apply in this context, Shuck would still qualify as a career offender. A defendant qualifies as a career offender under the Guidelines if he is at least 18 years old, has at least two prior felony convictions for either a crime of violence or a controlled substance offense, and his instant federal conviction is for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). An offense qualifies as a crime of violence if: (1) the defendant committed an enumerated offense; (2) "the use, attempted use, or threatened use of physical force against another was an element of the offense;" *or* (3) "the conduct for which the defendant was convicted presented a serious risk of physical injury to another person." *United States v. Lockley*, 632 F.3d 1238, 1241 (11th Cir. 2011); U.S.S.G. § 4B1.2(a) (2015). Shuck's sentencing was based on two prior convictions: one conviction for Georgia aggravated assault and four convictions for bank robbery by

7

force or violence in violation of 18 U.S.C § 2113(a) (*see Shuck*, W.D. Ark. No. CR405-40014, consolidated and counted as a single sentence). PSR at ¶¶ 29 & 30; *see also* doc. 62 at 31-33, 43-44 (sentencing hearing transcript).

Shuck never robbed a bank using a weapon. Rather, he would slip a note to a teller with a threat. *See* PSR at ¶ 30 ("Don't panic. Just empty the drawer of everything but the singles and no one gets hurt. This is not a joke. And hurry up."); PSR at ¶ 31 ("DON'T PANIC!!! Empty the F**king drawer and no one gets hurt."); *see also Shuck*, W.D. Ark. No. CR405-40014 at docs. 6 (plea agreement) & 10 (judgment imposing 70 months' imprisonment on four counts of bank robbery by force or violence in violation of 18 U.S.C. § 2113(a) and one count of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371).[5]

Movant unsuccessfully argued at sentencing (and on appeal) that

---

[5] To determine the statutory basis for conviction, a court may consult certain "*Shepard*" documents such as charging documents, plea agreements, transcripts of plea colloquies, jury instructions, and verdict forms. *Johnson v. United States*, 559 U.S. 133, 144 (2010). Undisputed facts contained in a Presentence Investigative Report may also be used in determining the statutory basis for conviction. *In re Hires*, 825 F.3d 1297, 1302 (11th Cir. June 15, 2016) (citing *United States v. McCloud*, 818 F.3d 591, 595, 599 (11th Cir. 2016)); *United States v. Ramirez-Flores*, 743 F.3d 816, 820 (11th Cir. 2014); *United States v. Wade*, 458 F.3d 1273, 1277-78 (11th Cir. 2006).

8

his bank robberies -- accomplished without brandishing or possessing a weapon -- were "by intimidation" rather than "by force or violence" within the meaning of the Sentencing Guidelines. *See Shuck*, 481 F. App'x 600 (rejecting Shuck's "attempt to differentiate two categorically different crimes from this statute, one of which is a crime of violence ('force and violence') and the other of which is not ('intimidation')"). Nothing in *Johnson* undermines the Eleventh Circuit's resounding denial of his appeal. Bank robbery convictions under only § 2113(a) (those that do *not* involve an assault or the use of a dangerous weapon, as required under § 2113(d)), remain enhancement-triggering "crimes of violence" under the Sentencing Guidelines post-*Johnson*. *In re Sams*, 830 F.3d 1234, 1239 (11th Cir. 2016) (quoting *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016)).

In discussing a conviction arising under § 2113(a), *McNeal* noted:

> A taking "by force and violence" entails the use of physical force. Likewise, a taking "by intimidation" involves the threat to use such force. . . . "[t]here is no space between 'bank robbery' and 'crime of violence' " because "violence in the broad sense that includes a merely threatened use of force is an element of every bank robbery."

[ . . . ]

> Put succinctly, . . . [b]ank robbery under § 2113(a), "by force and violence," requires the use of physical force. Bank robbery under § 2113(a), "by intimidation," requires the threatened use of physical force. Either of those alternatives includes an element that is "the use, attempted use, or threatened use of physical force," and thus bank robbery under § 2113(a) constitutes a crime of violence under the force clause of § 924(c)(3).

818 F.3d at 153 (cites and alterations omitted), quoted in *Sams*, 830 F.3d at 1239. Even assuming *Johnson* retroactively applies to the Sentencing Guidelines, it provides movant no succor here.

Notably, Shuck also had another violent crime under his belt -- aggravated assault. PSR at ¶ 29 (he pled guilty to aggravated assault, among other charges, after an altercation involving a police officer and a moving vehicle). Movant admits he was so convicted (though he contends, without support, that it is no longer considered a violent crime under Georgia statutes). *See* doc. 72 at 5. And parties are bound by the admissions in their pleadings. *Best Canvas Prods. & Supplies, Inc. v. Ploof*, 713 F.2d 618, 621 (11th Cir. 1983). Too, this Court has repeatedly held a Georgia aggravated assault is a "violent felony" under the elements clause of the ACCA (and, by extension, the Guidelines) post-*Johnson*. *See Green v. United States*, No. CV416-198 at 7-9 (S.D. Ga. Jan. 9, 2017); *Hayward v. United States*, 2016 WL 5030373 at *3 (S.D.

10

Ga. Sept. 19, 2016); *Neesmith v. United States*, 2016 WL 1688780 at * 2 n. 2 (S.D. Ga. Apr. 26, 2016). Based on the undisputed facts in his PSR and his admission in pleadings, Shuck's conviction for aggravated assault certainly falls within the elements clause of the definition of a "violent crime."

Between his bank robbery and aggravated assault convictions, Shuck glided into career-offender territory. *See* PSR at ¶ 37 & 39 (because his four bank robbery convictions were counted as a single sentence, for the purpose of the career-offender calculation only one bank robbery conviction was considered; however, that meant Shuck still had "two prior felony convictions involving crimes of violence: aggravated assault and bank robbery by force or violence. As such, pursuant to the provisions found in U.S.S.G. § 4B1.1, [he] is a career offender and [his] criminal history category must be VI."). Movant was properly considered a career offender under the Guidelines.

### 2. District Court Errors & Ineffective Assistance

Shuck argues that the Court erred by failing to consider mitigating facts or circumstances or to recommend his placement in a substance abuse program, and he faults his attorney for not so arguing on appeal.

11

Doc. 72 at 6. These claims, however, are untimely. *Johnson* has no impact on the validity of his sentence. It follows that movant cannot look to § 2255(f)(3) to define when his one-year statute of limitations began to run. Instead, he's relegated to § 2255(f)(1), which dictates that the clock stated the day his conviction became final (July 23, 2012) and ran out on July 23, 2013 (one year later). *See* doc. 69 (judgment denying appeal and affirming conviction).[6]

Even assuming this otherwise untimely claim could be considered, however, his criticisms of the trial court's actions are procedurally defaulted because he failed to raise them on direct appeal (*see Shuck*, 481 F. App'x 600). *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (a movant may not use his collateral attack as "a surrogate for a direct appeal"). His associated, meritless IAC claim does not overcome that bar. *See United States v. Montano*, 398 F.3d 1276, 1279-80 (11th Cir. 2005); *United States v. Nyhuis*, 211 F.3d 1340, 1343-44 (11th Cir.

---

[6] Equitable tolling can, in exceptional circumstances, allow untimely motions to proceed. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). So can a "'fundamental miscarriage of justice'" that "'has probably resulted in the conviction of one who is actually innocent.'" *Fail*, 2016 WL 1658594 at * 4 (quoting *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013)). Movant invokes neither tolling nor the miscarriage exception, and he offers no new evidence or exceptional circumstances to trigger either.

2000).

Shuck argues -- contrary to the record -- that the Court failed to fully appreciate the mitigating circumstances of his past (including a difficult childhood and parental drug addiction passed on to him) or recommend substance abuse treatment (or make it a requirement of his sentence). Doc. 72 at 6. But the Court did listen to movant's testimony (as well as that of his kin), and it took those matters fully into consideration before determining that his sentence was appropriate, in light of his lengthy and repetitious criminal history as a bank robber, undeterred by repeated incarcerations. *See* docs. 62 & 63.

The constitutional right to appellate representation does not include a right to present frivolous arguments to the court. *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 436 (1988); *Jones v. Barnes*, 463 U.S. 745, 754 (1983) ("Nothing in the Constitution or our interpretation of that document requires" an appellate attorney "to raise every 'colorable' claim suggested by a client."). The appellate "attorney need not advance every argument, regardless of merit, urged by the appellant . . . ." *Evitts v. Lucey*, 469 U.S. 387, 394 (1985). Shuck's contention that counsel should have argued that the district court failed

13

to fully account for his motivation in robbing banks (*i.e.*, drug addiction), despite the clear record to the contrary, is without merit.

## C. CONCLUSION

Accordingly, Nicholas Shuck's § 2255 motion should be **DENIED**. For the reasons set forth above, it is plain that he raises no substantial claim of deprivation of a constitutional right. Accordingly, no certificate of appealability should issue. 28 U.S.C. § 2253; Fed. R. App. P. 22(b); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __31st__ day of January, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA